UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM G. SCHISLER, SR.
ANNETTE M. SCHISLER,

                                Plaintiffs,

                                                                                    6:16-CV-01382
v.                                                                           (GTS/TWD)

JAMES CARS OF ROME, LLC,
RICHARD HUBBARD,

                                Defendants.
_____

APPEARANCES:

WILLIAM G. SCHISLER, SR.
ANNETTE M. SCHISLER
Plaintiffs pro se
1010 Green Street
Utica, New York 13502

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

       The Clerk has sent this pro se Complaint together with an application to proceed *in forma pauperis* ("IFP application") to the Court for review. (Dkt. Nos. 1-2.) Plaintiffs William G. Schisler, Sr. and Annette M. Schisler have commenced this action against Defendants James Cars of Rome, LLC ("James Cars"), an automobile dealership, and Richard Hubbard ("Hubbard"), one of the dealership sales persons, for fraud of handicapped and disabled people, fraud of service, and for paying less than the agreed upon amount on the trade in on Mr. Schisler's truck. (Dkt. No. 1.) For the reasons that follow, the Court grants Plaintiffs'

application to proceed *in forma pauperis* (Dkt. No. 2) and recommends the *sua sponte* dismissal of their complaint without prejudice. (Dkt. No. 1.)

## I. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiffs' IFP application, the Court finds that Plaintiffs meet this standard. Therefore, Plaintiffs' IFP application (Dkt. No. 2) is granted.

## II. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not

frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.

3

1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. ALLEGATIONS OF THE COMPLAINT

According to the complaint, on August 28, 2016, Plaintiffs purchased a 2011 Chevrolet Impala from Defendant James Cars. (Dkt. No. 1 at 2.[1]) Plaintiffs deny ever receiving a sales contract for the automobile. *Id.* at 3. According to the complaint, at the time of the sale, Defendant Hubbard told them they would have to make two monthly payments of $330.00, and Hubbard would have the bank refinance the loan for a lower monthly payment thereafter. When Plaintiffs received a payment book from a bank not identified in the complaint, the payment was stated as $ 438.71 a month. *Id*. Plaintiffs immediately informed the bank of what they had been told by Hubbard regarding monthly payments on the car. *Id*. at 2-3.

Plaintiffs allege they never saw an actual price for the car. *Id*. at 3. However, the Retail Certificate of Sale submitted with Plaintiffs' complaint, signed by both Plaintiffs on August 25, 2016, sets forth the price of the car as $13,692.00.[2] (Dkt. No. 1-1 at 1.)

Plaintiffs have also submitted a Bailment Agreement with James Cars, signed by both Plaintiffs on August 25, 2016, stating that Plaintiffs understood they had signed a contract which has not been accepted by, or assigned to, a lending institution, and that James Cars was in no way responsible for credit applications or contracts that could not be accepted or approved by a

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

[2] Plaintiff Annette M. Schisler is identified as Annette M. Dow in the paperwork on the automobile purchase submitted with the complaint. (Dkt. No. 1-1 at 1, 5, 7.)

licensed lender. *Id*. at 5. The Bailment Agreement required return upon demand of the automobile to James Cars in the event Plaintiffs' credit application or contract was not accepted by a bank or other licensed lender. *Id*. The Agreement limited the number of miles Plaintiffs were allowed to drive the car to 500, with a 25 cent per mile penalty for miles over the agreed amount. *Id*.

IV. ANALYSIS

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

When a court lacks subject matter jurisdiction, dismissal is mandatory. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (internal citation omitted).

Although Plaintiffs have used a complaint form for a civil rights action pursuant to 42 U.S.C. § 1983, they have not alleged facts plausibly showing a violation of their constitutional rights or of federal law, or that Defendants James Cars and Hubbard were acting under color of state law in connection with the allegations in the complaint. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (a plaintiff must allege facts showing that a defendant

was either a state actor or a private party acting under color of state law); *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful").

Generously construed, Plaintiffs' complaint, at best, alleges possible state law claims for fraud, fraudulent misrepresentation, and/or violation of New York General Business Law § 349 against Defendants in connection with the transaction.[3] Therefore, the Court finds that there is no federal question jurisdiction. Moreover, it appears from the allegations in the complaint that the citizenship of Plaintiffs and Defendants is not diverse and the amount in controversy does not exceed $75,000, precluding a finding of diversity jurisdiction. Having concluded that the complaint fails to establish that the District Court has subject jurisdiction over Plaintiffs' claims, the Court recommends dismissal of the complaint on initial review for lack of subject matter jurisdiction.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiffs' IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiffs' complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE** upon initial review under 28 U.S.C. § 1915(e); and it is

---

[3] General Business Law § 349 prohibits deceptive business acts and practices. To successfully state a claim under § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and (3) that plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Koch v. Acker, Merrall & Condit Co.* 944 N.Y.S.2d 452, 452 (2012) (internal quotation marks omitted). The New York Court of Appeals has instructed that a deceptive act or practice for purposes of the consumer protection statute, has an objective definition whereby deceptive acts or practices which may be acts or omissions are "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 623 N.Y.S.2d 529, 533 (1995).

**ORDERED**, that the Clerk provide Plaintiffs with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: December 6, 2016
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge