UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM G. SCHISLER, SR.; and
ANNETTE M. SCHISLER,

                      Plaintiffs,

v.                                                  6:16-CV-1382
                                                    (GTS/TWD)

JAMES CARS OF ROME, LLC; and
RICHARD HUBBARD, Sales Associate,

                      Defendants.
_____

APPEARANCES:

WILLIAM G. SCHISLER, SR.,
and ANNETTE M. SCHISLER
  Plaintiffs, *Pro Se*
908 State Street
Utica, New York 13502

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this *pro se* civil rights action filed by William G. Schisler, Sr., and Annette M. Schisler ("Plaintiffs") against James Cars of Rome, LLC, and Richard Hubbard ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Plaintiffs' Complaint be *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. § 1915(e), and (2) Plaintiffs' Objection to the Report-Recommendation. (Dkt. Nos. 5, 7.) For the reasons set forth below, the Court accepts and adopts the Report-Recommendation.

      When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] However, when only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a "clear error" review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[2] Similarly, when no objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a clear-error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear-error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[3]

Generally, in their Objection, Plaintiffs do not challenge a specific portion of the Report-Recommendation; rather, they elaborate on the factual allegations regarding how Defendants

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999)

[3] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

wronged them in the sale of their truck and the purchase or lease of a used Chevrolet Impala. (Dkt. No. 7.) As a result, the Report-Recommendation is entitled to only a clear-error review.

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 5.) To those reasons, the Court adds the following two points.

First, even if the Court were to subject Magistrate Judge Dancks' Report-Recommendation to a *de novo* review, it would find that the Report-Recommendation survives that review. While the Report-Recommendation does not specify which portion of 28 U.S.C. § 1915(e)(2)(B) it relies on, the Court find that it may rely on 28 U.S.C. § 1915(e)(2)(B)(i), which permits *sua sponte* dismissals of pleadings that have been filed *in forma pauperis* if the pleading are frivolous. Specifically, the Court finds that Plaintiffs' claims are frivolous to the extent they purport to be federal in nature. The closest Plaintiffs come to asserting a federal claim is by alleging that one or both of them are afflicted with some sort of disability. (Dkt. No. 1, at ¶ 5.) However, they do not allege facts plausibly suggesting (1) that they have a disability under a federal statute which prohibits disability discrimination, and (2) that Defendants discriminated against them because of that disability (or even knew of that disability). (*Id*. at ¶ 4.) Nor can the Court imagine factual allegations consistent with Plaintiff's Complaint (and Objection) that would cure the defect in such a purported federal claim. Moreover, even without 28 U.S.C. § 1915(e)(2), the Court may *sua sponte* dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

Second, the fact that in their Objection Plaintiffs elaborate on the factual allegations

3

regarding how Defendants wronged them in the sale of their truck and the purchase or lease of a used Chevrolet Impala leads the Court to believe that they may have missed the thrust of the Report-Recommendation. Plainly stated, the Report-Recommendation is not concluding that Plaintiffs' state-law claims (for fraud, fraudulent misrepresentation and/or violation of New York General Business Law § 349) are without merit.[4] Rather, the Report-Recommendation is concluding merely that Plaintiffs cannot pursue those state-law claims in this federal court under the circumstances. The Court agrees.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiffs' Complaint (Dkt. No. 1) is **DISMISSED** **without prejudice** to refiling in state court.

Dated: December 22, 2016
　　　Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge

---

[4] The Court notes that, while Plaintiffs deny ever receiving a contract regarding the automobile, it is conceivable to the Court that Plaintiffs may also possess claims for breach of contract and perhaps unjust enrichment.